Betty L. **BUCHHOLZ**, Plaintiff,

v.

The **GENERAL ELECTRIC EMPLOYEE BENEFIT PLAN** and the **Travelers Insurance Company**, Defendants.

No. 87 C 20338.

United States District Court,
N.D. Illinois, W.D.

Aug. 22, 1989.

Ronald T. Wade, Rockford, Ill., for plaintiff.

William G. Beatty, Chicago, Ill., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

This action comes before the court on the defendants' motion for summary judgment. For the reasons set forth below, the court denies the defendants' motion.

### NATURE OF THE CASE

The instant controversy stems from a denial of insurance benefits to the plaintiff Betty Buchholz. Ms. Buchholz enrolled her husband James Buchholz into an "accidental death and dismemberment insurance" policy designating herself as beneficiary. The policy was provided to Betty Buchholz, a General Electric ("G.E.") employee, as part of a personal accident insurance plan which, in turn, was a part of the "General Electric Employee Benefit Plan." Under the terms of the personal accident insurance plan, the "carrier", in this case the defendant Travelers Insurance Company ("Travelers"), was responsible for the determination of benefits including the denial or payment of claims. As a consequence of James Buchholz's death, the plaintiff submitted a claim for benefits under the terms of this personal accident insurance plan. The claim was initially denied by Travelers and denied once again after the plaintiff's request for reconsideration. As a result of these denials, the plaintiff brings a one count complaint against the defendants General Electric Employee Benefit Plan ("Plan") and Travelers for denial of benefits pursuant to 29 U.S.C.A. § 1132(a)(1)(B) of the Employee Retirement Income and Security Act ("ERISA"). The defendants presently move for summary judgment in their favor.

### DISCUSSION

■ The court will not grant any summary judgment motion unless all of the pleadings and supporting documents, if any, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106

S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Fitzsimmons v. Best,* 528 F.2d 692, 694 (7th Cir.1976).

The initial burden is on the moving party to demonstrate that there is no genuine issue or question of material fact in dispute. *Rose v. Bridgeport Brass Company,* 487 F.2d 804, 808 (7th Cir.1973). Once the moving party has stated that a fact is not in question, the burden shifts to the non-moving party to demonstrate that there is some question of fact or to contradict the fact and bring it into question. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In their motion, the defendants argue that the decision to deny the plaintiff's claim for benefits was not arbitrary and capricious; therefore, summary judgment for the defendants is appropriate.

In particular, the defendants assert that based on the evidence amassed before Travelers at the time of the denial, the reasonableness of Travelers' decision is indisputable. The problem for the defendants, however, is that their arguments, though they may be completely accurate, may not be relevant. The Supreme Court's decision, in *Firestone Tire and Rubber Company v. Bruch,* — U.S. ——, 109 S.Ct. 948, 103 L.Ed.2d 80 (1987), has placed in contention the proper standard in which to evaluate the defendants' denial. In short, whether the denial should be judged under a deferential arbitrary and capricious standard or a *de novo* standard of review.

The defendants' argument in favor of an arbitrary and capricious standard relies on an exception to the *de novo* standard carved out in *Bruch.*[1] In essence, the holding of the *Bruch* court is as follows:

> Consistent with established principles of trust law, we hold that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard
> . . .

*Bruch,* 109 S.Ct. at 956.

The exception targeted by the defendants is derived from the remainder of the paragraph quoted above:

> . . . unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or construe the terms of the plan.

*Id.*

The defendants argue that the text of the plan gives the defendant Travelers discretionary authority to grant or deny benefits. Accordingly, the defendants explain that their denial should be accorded deference, namely an arbitrary and capricious standard of review. The plaintiff insists that no such grant of discretionary authority can be found in the plan.

The language pointed out by the defendants as granting discretionary authority can be found in the "General Electric Employees Benefits Plan Document" and states as follows:

SECTION VI.

CLAIMS FOR BENEFITS

The carrier [Travelers] is solely responsible for providing the benefits. Benefits are payable upon proof of claim which should be filed promptly through your personnel accounting or employee relations office on forms which may be obtained from such office. Proof of claim must be filed not later than 180

---

1. Interestingly, the defendants do not undertake the task of attempting to distinguish the holding in *Bruch* in its entirety. In part of her opinion, Justice O'Conner appears to very narrowly define the parameters of her opinion. For example, "[T]he discussion which follows is limited to the appropriate standard of review in § 1132(a)(1)(B) actions challenging denials of benefits *based on plan interpretations. Bruch,* 109 S.Ct. at 953. The instant case does not invoke a denial based on a plan interpretation, rather a disagreement over facts. This apparent limiting of denials based on plan interpretation, however, is indeed only apparent. As the ratio-

nale behind the holding in *Bruch* is applicable to other denials under § 1132(a)(1)(B) and, indeed, Justice O'Connor explicitly includes all denials under § 1132(a)(1)(B) in her decision. Specifically, she writes as follows:

> First, we address the appropriate standard of general review of benefit determinations by fiduciaries or plan administrators under ERISA.

*Bruch,* 109 S.Ct. at 951.

> Thus, for purposes of actions under § 1132(a)(1)(B), the *de novo* standard of review applies regardless....

*Bruch,* 109 S.Ct. at 956.

days after the loss for which claim is made is incurred unless it is not reasonably possible to do so and proof is filed as soon as is reasonably possible. The carrier reserves the right to examine medically an individual for whom a dismemberment claim is made and to require an autopsy where an accidental death claim is made.

The carrier will make all determinations with respect to benefits under this Plan. Accordingly, the management and control of the operation and administration of claim procedures under the Plan, including the review and payment or denial of claims and the provision of full and fair review of claim denial pursuant to Section 503 of the Act, shall be vested in the carrier.

(Plaintiff's Exhibit B at p. 59).

In the preceding paragraphs, the defendants perceive a grant of discretionary authority, while the plaintiff sees nothing more than a delegation of fiduciary duties to the carrier Travelers from the administrator G.E. After reviewing the relevant provision and the parties' arguments for their respective positions, the court finds that the text of the plan does not grant discretionary authority to Travelers to grant or deny claims.

In examining the underpinning of the *Bruch* Court's decision finding a *de novo* standard of review and exceptions to it, the *Bruch* Court explained that prior to ERISA, denials of benefits under benefit plans were treated under principles of contract law. Specifically, "[i]f the plan did not give the employer or administrator discretionary or final authority to construe uncertain terms, the court reviewed the employee's claim as it would have any other contract claim...." *Bruch,* 109 S.Ct. at 955. This concept has been resurrected in the *Bruch* Court's exception to the general standard of review. For example, in the

context of interpreting plan terms, if the text of a plan provided an administrator with final authority to construe uncertain terms, the reviewing court would honor such a grant of discretionary authority with an arbitrary and capricious standard of review over the administrator's interpretation. Accordingly, in the context of denying benefits, the text of the plan must give "the administrator or fiduciary discretionary authority to determine eligibility for benefits," to fit within the exception.

In the instant case, the plan vests the responsibility "for providing the benefits" to the Travelers. Further, Travelers is to "make all determinations with respect to benefits under this plan." The provision, in nearly the identical language of the ERISA statute's definition of a "fiduciary," *see Bruch,* 109 S.Ct. at 955; 29 U.S.C. § 1002(21)(A)(i); 29 U.S.C. § 1102(a)(1); 29 U.S.C. § 1133(2), assigns the duty of the payment and denial of claims to the "carrier." What the provision does not provide is a reason for the court to give the carrier's denial of benefits any special deference.

Granted, the plan gives Travelers the responsibility of determining and, if appropriate, denying benefits; however, this fact merely begs the question since in every § 1132(a)(1)(B) suit resulting from a denial of benefits some administrator or fiduciary had at least the initial ability to deny benefits or interpret terms. The crux to a legitimate exception outlined in *Bruch,* however, is the plan granting power above and beyond the initial ability to unilaterally determine the meaning of a term or deny benefits.[2] The *Bruch* Court contemplated, in proclaiming its exception, plan provisions that clearly and expressly provide an administrator with the final say,[3] however manifested, on the meaning of terms or the denial of benefits. Such a proclamation of final or discretionary authority is not forth-

---

**2.** For example, in the context of defining terms, there is an important difference between a plan explicitly providing for an administrator "to define uncertain terms" and one that only implicitly provides for an administrator to define terms as part of its overall determination of benefits. *See Bruch,* 109, S.Ct. at 954.

**3.** Of course, this "final say" would still be subject to review under an arbitrary and capricious standard.

coming in the General Electric Employee Benefit Plan. To be sure, Travelers is in charge of denying or granting claims. The deference to give such determinations, however, is not provided. In its absence, the general *de novo* rule shall apply.

Given the *de novo* rather than the arbitrary and capricious standard of review, the court's role is no longer to review the reasonableness of the administrator's decision; rather, the court must instead examine the accuracy or correctness of the denial. This inquiry, in turn, requires the court to determine whether James Buchholz's death was a result of a self-inflicted injury.

This determination raises factual questions that the defendants themselves implicitly concede are disputed. Indeed, in their memorandums, the defendants do not even suggest that summary judgment would be appropriate in the instant case if a *de novo* standard is applied. Given the defendants' initial burden in moving for summary judgment, and the total absence of evidence supporting summary judgment under the *de novo* standard, the court denies the defendants motion for summary judgment.